IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANTE LAMONT JACKSON, | : | |
| Petitioner, | : | |
| v. | : | Criminal No. L-03-0489 |
| | : | |
| UNITED STATES OF AMERICA, | : | Civil No. L-06-1087 |
| Respondent. | : | |

MEMORANDUM

Petitioner, Dante Lamont Jackson, who is now serving a 188 month sentence, has moved *pro se* to set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion will be DENIED and the case DISMISSED.

On October 24, 2003, a Grand Jury returned a seven count indictment against Jackson. Counts 1-4, inclusive, charged Jackson with possession with intent to distribute crack cocaine and heroin. Count 5 charged Jackson with possession of two handguns in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). Counts 6 and 7 charged him with being a felon in possession of the two handguns under 18 U.S.C. § 922(g)(1). Assistant Federal Public Defender Paul Hazelhurst was appointed to represent Jackson.

On January 21, 2005, Jackson entered into a written plea agreement with the Government. Jackson agreed to plead guilty to Count 1, which charged him with possession with intent to distribute five grams or more of crack cocaine. The agreement, which was entered into under Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, provided that a sentence of 188 months (15 years) was the appropriate disposition of the case. The agreement also contemplated that the other counts (2-7) would be dismissed at sentencing.

In paragraph 6 of the plea agreement, the parties stipulated that Jackson was a career offender within the meaning of U.S.S.G. § 4B1.1(a). They further stipulated that the applicable

Offense Level was 34 while the applicable Criminal History Category was VI. Jackson, the plea agreement provided, was entitled to a three level reduction for acceptance of responsibility. Under the Sentencing Guidelines, the imprisonment range for Level 31, Criminal History Category VI was 188 to 235 months. Thus, the agreed-upon 11 (c)(1)(C) sentence was at the bottom of the applicable range.

By eliminating Counts 5-7, Jackson was spared the possibility of a sentence of life without parole. Had Jackson been convicted on the two felon-in-possession counts, he would have received a mandatory life sentence under the repeat offender provisions of 21 U.S.C. §§ 841(b)(1)(A) and 851. Had he been convicted under the § 924(c) charge, the Guidelines would have required a sentence of 360 months to life.

In the factual stipulation, Jackson agreed that when he was arrested following a foot chase, he was attempting to hide a vehicle key in his mouth. The key was to a Chrysler. When the police searched the car, they found crack, heroin, and a lease document in Jackson's name for 3011 Falstaff Manor Court, Apt. G. Jackson also stipulated that when the apartment was searched, the police recovered cocaine, packaging materials, and two handguns.

At sentencing, the Court accepted the 11 (c)(1)(C) plea and sentenced Jackson to 188 months. The Court also dismissed Counts 2-7, inclusive. Jackson did not take a direct appeal.

In his § 2255 motion, Jackson does not challenge his 188 month sentence. Instead, his motion targets a Specific Offense Characteristic that the United States Probation Office found applicable when preparing the Presentence Report ("PSR"). Paragraph 20 of the PSR provides that "[b]ecause a dangerous weapon was possessed, two levels are added, pursuant to U.S.S.G § 2D1.1(b)(1)." When added to the Base Offense Level of 26, these two levels brought the Adjusted Offense Level to 28.

As explained in the PSR, the two levels added for "possession of a dangerous weapon" did not affect Jackson's sentence. Because Jackson was a career offender, his Offense Level was determined by a separate provision of the Sentencing Guidelines. As specified by U.S.S.G § 4B1.1, the Career Offender Guideline, Jackson's Offense Level was 34 and his Criminal History Category was VI.[1]

In his motion, Jackson agrees that the two levels added for possession of a dangerous weapon did not impact his sentence. His grievance is that "[t]he inclusion of the firearms possession in the PSI Report is having an adverse effect on petitioner's Bureau of Prison's classification. This inclusion should have been objected to by counsel to ensure the constitutionality of the proceedings as agreed to in the plea agreement." In his papers, Jackson does not identify the "adverse effect" in question, however.

There are several defects in Jackson's argument. First, Mr. Hazelhurst's representation cannot be characterized as ineffective under the Strickland standard. See Strickland v. Washington, 466 U.S. 668 (1984). Given Jackson's admission that two handguns and drugs were found in his apartment, counsel cannot be faulted for failing to challenge the dangerous weapon enhancement, especially when that enhancement was irrelevant to the sentence imposed. Id. at 688.

Second, an adverse impact on Jackson's BOP classification is a collateral consequence. The case law states that counsel is not rendered ineffective for failing to advise a defendant of the collateral consequences of a guilty plea such as deportation or the calculation of credits for time served. See United States v. Jeter, 161 F.3d 4, 1998 U.S. App. LEXIS 18684, at *6-7 (4th Cir. Aug. 11, 1998); United States v. Yearwood, 863 F.2d 6, 8 (4th Cir. 1988).

---

[1]  As mentioned *supra*, Level 34 (VI) is the sentencing calculation agreed to in the plea agreement.

3

Third, the BOP has discretion to use facts in the PSR to classify prisoners without implicating United States v. Booker, 543 U.S. 220 (2005). A prison classification is not considered to be part of the sentence. See United States v. Smith, 2005 U.S. App. LEXIS 23227, at *4 (4th Cir. Oct. 26, 2005).

Fourth, § 2255 review is limited to constitutional and jurisdictional challenges. Absent a miscarriage of justice, ordinary questions of Guidelines interpretation are not cognizable on collateral review. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). There is no miscarriage of justice here. Jackson received the 188 month sentence that he bargained for, and the PSR's finding that he possessed a dangerous weapon is fully supported by the factual stipulation.

Accordingly, Jackson's motion will be DENIED and his case DISMISSED. A separate order follows.

It is so ORDERED this 26th day of February, 2009.

                                            /s/
                                    Benson Everett Legg
                                    Chief Judge