**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | Criminal Case No. L-03-0489 |
| DANTE LAMONT JACKON | : | |
| | : | |
| | : | |

o0o
**<u>MEMORANDUM</u>**

Presently pending are Dante Jackson's Motions for a Reduction in Sentence. Docket Nos. 35, 40. The issues have been fully briefed, and a hearing is unnecessary. <u>See</u> Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, the Court will, by separate Order, DENY the Motions.

**I.    BACKGROUND**

On February 11, 2005, pursuant to a written plea agreement, Jackson pled guilty to Count One of the indictment against him, charging possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). The plea agreement stipulated that Jackson qualified as a career offender within the meaning of section 4B1.1 of the U.S. Sentencing Guidelines, and that, accordingly, his applicable offense level was 34 and his criminal history category was VI.[1] After taking into consideration a 3-level reduction for acceptance of responsibility, his total adjusted

---

[1] Had Jackson not qualified as a career offender, the quantity of crack involved in the offense (between 5 and 20 grams) would have resulted in a base offense level of 26 under the drug quantity table contained in U.S.S.G. § 2D1.1(c)(7), an adjusted offense level of 28, and after further adjustments for acceptance of responsibility, his final adjusted offense level would have been 25. Jackson's nine criminal history points would have placed him in category IV, resulting in a Guidelines range of 84–105 months.

1

offense level was 31.  Under the Guidelines, a designation of 31–VI resulted in a sentencing range of 188–235 months.

As permitted by Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulated that the appropriate sentence was "**188 months (15 years)** imprisonment without parole." Docket No. 14 (emphasis original).  At sentencing, the discrepancy between 188 months and 15 years was identified, as 15 years is the equivalent of 180 months, not 188.  Counsel agreed that the agreed-upon sentence was 15 years, or 180 months.

On April 27, 2005, the Court accepted the negotiated disposition as reasonable, and imposed a sentence of 180 months.

## II.     LEGAL STANDARD

A court may modify a term of imprisonment after it has been imposed if the sentence was "based on" a sentencing range that was subsequently lowered by the Sentencing Commission, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  The applicable policy statement implementing § 3582(c)(2) provides that a reduction under that section "is not authorized" if an amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B) (2011); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010).

Where a sentence is imposed pursuant to a Rule 11(c)(1)(C) plea agreement, the sentence is normally "based on" the agreement itself, and not "based on" the Sentencing Guidelines.  See United States v. Brown, 653 F.3d 337, 339–40 (4th Cir. 2011) (citing Freeman v. United States, 131 S. Ct. 2685, 2695–97 (2011) (Sotomayor, J., concurring)), cert. denied, 132 S. Ct. 1003

(U.S. 2012). There is an exception to this general rule "where the plea agreement itself expressly refers to and relies upon a Guidelines sentencing range." Id. Specifically:

> if a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2).

Freeman, 131 S. Ct. at 2695 (Sotomayor, J., concurring); see Brown, 653 F.3d at 340 (concluding that Justice Sotomayor's rationale in Freeman is controlling).

Congress enacted the Fair Sentencing Act of 2010 ("FSA") on August 3, 2010, which reduced the disparity between statutory criminal penalties for crack cocaine and powder cocaine drug offenses. See Pub. L. No. 111–220, 124 Stat. 2372 (Aug. 3, 2010). Thereafter, as directed by Congress, the Sentencing Commission promulgated Amendment 750 to the Sentencing Guidelines, which lowered the offense levels applicable to crack cocaine offenses. See U.S.S.G. App. C, Amend. 750 (2011). Amendment 750 became effective on November 1, 2010 and applies retroactively. See id.; U.S.S.G. § 1B1.10(c) (2011) (establishing retroactive application). Amendment 750 did not have an impact on the career offender guideline range, because the career offender determination looks to the underlying offense's statutory maximum penalty, not the underlying offense's guideline range. See United States v. Quarles, 3:08-CR-00368-JAG, 2012 WL 3686295, *1 (E.D. Va. Aug. 24, 2012).

### III.    ANALYSIS

Before United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines were mandatory. The Sentencing Guidelines determine whether a defendant is or is not a career offender. See U.S.S.G. § 4B1.1. If a defendant is a career offender, his offense level and his

criminal history category generally increase.  Before <u>Booker</u>, the Court was obliged to sentence a defendant as a career offender if he qualified as such.  After <u>Booker</u>, the Guidelines are discretionary.  Now, post-<u>Booker</u>, the sentencing judge may decline to enhance a defendant's sentence under the career offender guidelines even if the defendant qualifies as a career offender.  In other words, the court may impose a variant sentence.  The career offender guidelines contained in section 4B1.1 are treated like the other guidelines—they are discretionary.

Jackson was sentenced on April 27, 2005, several months after <u>Booker</u> became law.  But for the Rule 11(c)(1)(C) plea agreement, the Court could have imposed a variant sentence on Jackson, meaning a sentence outside (over or under) the guideline range.  Under the (C) plea, the Court was bound either to accept or reject the agreed-upon 180 month sentence.  The Court accepted the (C) plea and, as it was obligated to do, imposed a sentence of 180 months.

Jackson now requests the Court to reduce his sentence on two grounds.  First, he argues that Amendment 750's lowering of the offense levels applicable crack cocaine drug crimes should retroactively apply to him.  Second, he argues that the FSA's reduction of the statutory penalties applicable to crack cocaine offenses should apply retroactively to him.  The Court concludes that neither of these two developments would warrant a reduction in Jackson's sentence.

First, Amendment 750 does not apply to Jackson because his sentence is not "based on" the crack guidelines.  <u>See</u> 18 U.S.C. § 3582(c)(2); <u>Brown</u>, 653 F.3d at 339–40.  Jackson's sentence was based on the (C) plea agreement itself.  Nevertheless, Jackson argues that the (C) plea sentence was based on the crack guidelines.  According to Jackson, justice demands that his sentence be reduced so long as the crack guidelines were "a relevant part of the analytic framework" underlying his agreement.  <u>See</u> <u>Freeman</u>, 131 S. Ct. at 2697 (Kennedy, J., plurality).

A defendant sentenced pursuant to a (C) plea is eligible for a sentence reduction "if a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission." Freeman, 131 S. Ct. at 2695; see also Brown, 653 F.3d at 340. Under this test we do not interview the Assistant United States Attorney, the defendant, and his attorney to determine what their assumptions were when they negotiated the plea agreement. Instead, the inquiry is focused on the language of the plea agreement.

Jackson's plea agreement states:

> Pursuant to U.S.S.G. § 4B1.1, the parties stipulate and agree that the Defendant is a Career Offender, as that term is defined at U.S.S.G. § 4B1.1(a). . . . Therefore, pursuant to U.S.S.G. § 4B1.1(b)(A), the applicable offense level is 34 and the applicable criminal history category is VI. . . .

Docket No. 14 (emphasis original). Because Jackson's Rule 11(c)(1)(C) plea agreement makes no express reference to the crack cocaine sentencing guideline in Guidelines section 2D1.1, and only refers to the career offender sentencing guideline in Guidelines section 4B1.1, this Court cannot conclude that Jackson's agreed-upon sentence was based on the crack cocaine guidelines. See Freeman, 131 S. Ct. at 2695. Therefore, Jackson is not eligible for a sentence reduction under § 3582(c)(2) on this basis. See id.

Second, the statutory changes enacted by the FSA cannot be applied retroactively to Jackson. The FSA reduced the statutory maximum sentence for Jackson's offense—possession with intent to distribute between 5 and 20 grams of cocaine base—from forty years to twenty years. See id. In 2005 as now, the extent of the increase in offense level for career offenders convicted for drug crimes is determined by the statutory maximum for the offense of conviction. If Jackson were sentenced today, the career offender guideline would have increased his offense

level to 32 rather than 34.  See U.S.S.G. § 4B1.1(b).  After the 3-level departure for acceptance of responsibility, Jackson's adjusted offense level would be 29.  A designation of 29–VI results in a sentencing range of 151–188 months, as opposed to 188–235 months.

This reduction does not apply to Jackson because the FSA's reductions to the statutory penalties for crack cocaine offenses do not apply retroactively to persons sentenced prior to the FSA's passage.  United States v. Mouzone, 687 F.3d 207, 222 (4th Cir. 2012) (citing Dorsey v. United States, 132 S. Ct. 2321, 2335–36 (2012)).  Jackson was sentenced on April 27, 2005 for crimes committed on March 24, 2003.  See Docket Nos. 14, 16.  The FSA does not apply retroactively to his sentence because he was sentenced before the FSA became law on August 3, 2010.  See Dorsey, 132 S. Ct. at 2331.

Because Jackson is not within the class of defendants to whom the FSA applies retroactively, he is not entitled to a reduction in his sentence on this basis.

## IV.   CONCLUSION

For the foregoing reasons, the Court will, by separate Order, DENY Dante Jackson's Motions for a Reduction in Sentence.  Docket Nos. 35, 40.

Dated this 26th day of October, 2012.

/s/
_____
Benson Everett Legg
United States District Judge